## WM. WHITFIELD, *et als., v.* WM. GREER.

1. PLEADING AND PRACTICE. *Writ of Error. Mandamus.* The Supreme Court can only grant writs of error in cases in which final judgments have been rendered below.

2. SAME. *Same.* On application for mandamus to compel the Circuit Judge to require the plaintiffs to give sufficient bonds and security for the prosecution of the suits, etc., which does not involve any matter which relates to an appeal prayed for and defeated below, the Supreme Court cannot entertain the application without assuming to exercise original jurisdiction, in doing which it would be required to determine, which it could not do, that the Judge had no right, in the premises, to exercise a judicial discretion, but was bound, upon an *ex parte* application, to make the rule asked for, in the discharge of a mere ministerial duty.

Case cited: King *v.* Hampton, 3 Hay., 59.
Code cited: ₴3176.

---

### FROM CHEATHAM.

---

Appeal from the Circuit Court. JAMES E. RICE, Judge.

J. E. & A. E. GARNER, J. J. LEROY, J. W. QUARLES, J. C. FERRISS and J. W. RICE for Whitfield.

STARK, JUDD & ALLEN and JNO. ALEX. CAMPBELL for Greer.

NICHOLSON, C. J., delivered the opinion of the Court.

The defendant in these four causes files transcripts

of the record, and petitions this Court for writs of error, with a prayer for the dismissal of the several suits, for reasons set forth in the petition, and if this cannot be done, that writs of mandamus issue, requiring the Circuit Judge to enforce the law which requires plaintiffs to give sufficient bonds and security for the prosecution of these suits.

It appears that the several plaintiffs commenced actions for malicious prosecution and false imprisonment against defendant for procuring them to be arrested, imprisoned, and tried on a charge of robbery. Each plaintiff gave a bond, with security in the penalty of $125 to cover costs. Upon affidavit as to the insufficiency of the bond, and the insolvency of the sureties, the Circuit Judge made a rule on plaintiffs to give bond in the penalty of $200 each, with good securities, on or before the next Term of the Court. Bonds in the penalty of $200 were given to the Clerk, with other sureties, which were accepted by the Clerk as sufficient.

At the next Term, defendant filed another affidavit, stating that the bonds were still insufficient, and the sureties insolvent, and showing that the costs already accrued were larger in one case than the penalty of the prosecution bond, and likely to be greatly increased in all the cases, and moving the Court for another rule on the several plaintiffs for better bonds and sureties. This motion was refused by the Court, and the causes continued.

The writs of error are asked for, that this Court

may correct the alleged error of the Circuit Judge in refusing to rule plaintiffs to better bonds and sureties.

It is the statutory law of the State, that writs of error lie to this Court only from the final judgments of the inferior Courts, §3176. It is obvious that the rulings complained of in these causes were merely interlocutory, and not final. As the jurisdiction of this Court is "appellate only, under such restrictions and regulations as may, from time to time, be prescribed by law," we can only grant writs of error in cases in which final judgments have been rendered below. The applications for writs of error are disallowed.

Upon the alternative prayer, for the writ of mandamus, we are met by the question of jurisdiction. It is made the duty of the Circuit Judge, upon proper cause shown, to require plaintiffs to justify the security for costs, already given, or to give other and sufficient security, and upon failure to comply with such rule, to dismiss the suits. It is alleged, that in the cases now sought to be brought before us, the Circuit Judge erred in refusing to make the rule or the rules on the plaintiffs, or to dismiss their suits. Having no original jurisdiction, this Court can examine into and adjudicate the alleged error only when the causes are before us upon appeal or writ of error. It was held in the case of *King* v. *Hampton*, 3 Hay., 59, that as the Supreme Court had no original jurisdiction, it could not take cognizance of any matter unless it related to

Wm. Whitfield, *et als.*, *v.* Wm. Greer.

an appeal prayed for, and defeated, or attempted to be defeated, in any way.

The defendant in the several causes had no right, under the law, to pray for an appeal from the interlocutory ruling of the Circuit Judge, nor did he ask for an appeal. We have already seen, that for the reason that the judgments were not final, he could not have writs of error.

It follows, that as the application for mandamus does not involve any matter that relates to an appeal prayed for, and defeated by the Court below, we can not entertain the application without assuming to exercise original jurisdiction, in doing which we would be required to determine, which we could not do, that the Judge had no right, in the premises, to exercise a judicial discretion, but was bound, upon an *ex parte* application, to make the rule asked for, in the discharge of a mere ministerial duty.

Upon either ground, we are constrained to refuse the application for mandamus, and to dismiss the petition.