Ing *v.* Davey.

LUCIAN AND CORA ING, by, etc., *v.* W. P. DAVEY.

1. PRACTICE. *Removal of guardianship. Appeal bond.* An appeal will lie from the sentence, judgment or decree of a county or probate court, ordering, upon a petition under the Code, secs. 2534–2538, the guardianship of an infant to be transferred from one county to another, and directing the removal of the infant's estate, and the proper bond of appeal is one for damages and costs.

2. SUPREME COURT. *Mandamus.* The Supreme Court may issue a mandamus to compel the lower courts to accept the proper bond required to perfect an appeal.

3. APPEAL BOND. *Mandamus.* Where an appeal from a final decree was prayed and granted by the judge, and a proper appeal bond tendered and refused, the judge demanding a different bond, whereupon a petition was filed in this court for a mandamus to compel the acceptance of the proper bond, to which the opposite party appeared. *Held,* that the appeal might be perfected by executing a proper bond in this court, without actually issuing and proceeding under the mandamus.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

TAYLOR & CARROLL for complainants.

L. B. McFARLAND for defendant.

COOPER, J., delivered the opinion of the court.

This is an application for a mandamus to perfect an appeal.

John Ing died in Memphis about 1871, leaving two infant children, Lucian and Cora. The nearest relations of these children were a maternal uncle liv-

ing in Memphis, and two paternal aunts, married women, living in Tipton county. With the consent of the uncle, J. W. Heath was appointed, by the probate court of Shelby county, guardian of the infants, and qualified accordingly. The guardian had permitted the children to live with one of the aunts for some time, and afterward sent the boy to Sewanee University, and the girl to school in Memphis. They were both at his house at the breaking out of the yellow fever in 1878, and he sent them for safety to a friend in Tipton county. This friend permitted them to go home with one of the aunts, on her promise to bring them back in two weeks, which promise was not kept.

In the meantime the guardian himself died of the yellow fever, and the defendant W. P. Davey was appointed guardian of the children by the probate court of Shelby county, and qualified accordingly. Upon demanding the children, the aunt and her husband, at whose house they were, refused to let them go. Afterward, at the instance of the aunts and their husbands, a third person, not related to the children, was appointed their guardian by the county court of Tipton county, and qualified accordingly. A petition was then filed in the probate court of Shelby county, in the name of the infants, by the husband of one of the aunts as their next friend, against the Shelby County guardian, to remove the guardianship to the county of Tipton, under the provisions of the Code, secs. 2534 to 2538.

The petition was answered and such proceedings

had that the court on final hearing ordered the removal as asked, and ordered the defendant to deliver to the new guardian the entire estate of the petitioners. The estate consists of between three and four thousand dollars in money, and land in Memphis said to amount to $3,000.

The defendant embodied the evidence in a bill of exceptions, and prayed an appeal to this court, which was granted upon the defendant's giving a bond in. the amount of the bond given by the new guardian, or $7,500. The defendant excepted, and tendered a bond with security for costs and damages only, which the court conceded to be good for the penalty, but refused to accept. The defendant thereupon filed this petition for a mandamus from this court to compel the probate judge to perfect the appeal by accepting a. bond for costs and damages only.

By the Code, secs. 3147, 3148, "any person dissatisfied with the sentence, judgment or decree of the county court, may pray an appeal," either to the circuit court of the county, or to this court. And by the second section of the act establishing the probate court of Shelby county, and vesting that court with the jurisdiction of the county court, the appeal is given directly to this court.

The final order of the probate judge in this case was certainly a "sentence, judgment or decree," and was so treated by his Honor in granting the appeal prayed. In requiring as a condition of the appeal, that the appellant should give bond in the large penalty required, his Honor went upon the idea that inas-

Ing *v.* Davey.

much as his order upon the defendant was to turn over the entire estate, it was, in effect, a judgment or decree for the amount of money with which the defendant was then properly chargeable as guardian, and fell within the Code, sec. 3164. That section is, "Where decrees are for a specific sum of money and against the party in his own right, the appeal bond shall be for the amount of the decree, damages and costs." But here there is no decree for a "specific sum of money."

The final judgment simply is, that it is a proper cause for the removal of the guardianship from one county to another within the provisions of the Code, and that the guardian of the one county shall deliver the estate of the ward to the guardian appointed by the other county. The only bond which can be required in such case is one for costs and damages. Code, sec. 3163.

There can be no doubt of the power of this court to issue a writ of mandamus to the lower court whenever necessary to the exercise of the appellate jurisdiction. *King* v. *Hampton,* 3 Hayw., 59; *State* v. *Hall,* 3 Cold., 255. And the petitioner would be entitled to it in this case, if essential to his rights. But the appeal prayed by him was granted upon his giving bond; and a proper bond, the record shows, was tendered and refused, not because it was not good for the penalty and sufficient in form, but because the amount of the penalty did not cover the principal of the ward's estate.

The fact that the court below has granted an ap-

peal upon the execution of a bond for costs, when it should have been for the debt, damages and costs, will not make the appeal valid. *Staub* v. *Williams*, 1 Lea, 36. So, on the other hand, the refusal of the court to accept a proper bond after granting the appeal, might not invalidate the appeal. If, therefore, the petitioner had embodied ·in his bill of exceptions the appeal bond tendered by him, the sufficiency of which was admitted by the court, his appeal would have been perfect. And, although the bond is not in the record, yet as the petitioners are before us by their next friend on the application for mandamus, we think the appeal may now be perfected by executing a proper bond without going through the circumlocution of a mandamus.

Defendant will be allowed a reasonable time to give the bond, but the penalty will be fixed at $500.