**John Edward McFADDEN, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Nov. 25, 1975.

Certiorari Denied by Supreme Court Dec. 30, 1975.

Hughie Ragan, Jackson, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, for defendant-in-error.

OPINION

GALBREATH, Judge.

This is an appeal from the dismissal by the Lauderdale Circuit Court of a declaratory judgment suit by plaintiff in error contending, in effect, that he is being deprived by respondents of his timely right to be considered by the Board of Pardons and Paroles for early release from confinement resulting from a 40 year sentence imposed July 6, 1963, for armed robbery. We treat the action as one seeking relief through habeas corpus.

The petitioner seeks construction of the statutes governing computation of parole eligibility. The two statutes directly involved are T.C.A. § 40–3612 and 40–3613, which are as follows:

"40–3612. *Eligibility for parole.*—Every person sentenced to an indeterminate sentence and confined in a state prison, when he has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, shall be subject to the jurisdiction of the board. The time of his release shall be discretionary with the board, but no such person shall be released until he has served such minimum sentence nor until he shall have served one (1) year.

Every person sentenced to a determinate sentence and confined in a state prison, when he has served a period of time equal to one-half (½) of the sentence imposed by the court for the crime for which he was convicted, but in no event less than one (1) year, shall likewise be subject to parole in the same manner provided for those sentenced to an indeterminate sentence. . . ."

"40–3613. *Power to parole.*—The board of pardons and paroles shall have power to cause to be released on parole any person sentenced to confinement in the penitentiary who has served the minimum term provided by law for the offense committed by him, less good time; . . . ."

Petitioner contends that the proper calculation for arriving at the earliest eligibility date for his parole would be to take the one half sentence of the determinate sentence and subtract the good and honor time built to arrive at the eligibility date. Thus, the minimum time he claims should have been served prior to his becoming eligible for consideration by the Parole Board would be one half of forty, or twenty years, less credit for good and honor time calculated

on this period. (In this case, such a calculation would have made possible his meeting the Board in 1973).

The State contends that the methods of computing parole eligibility dates differ between determinate and indeterminate sentences with indeterminate sentences treated as specified by petitioner and determinate sentences regulated solely by the one half provision of T.C.A. § 40–3612. This question has not been ruled on before and would undoubtedly affect a great many convicts.

Petitioner contends that the language referring to those with determinate sentences, i. e., "shall likewise be subject to parole *in the same manner provided for those sentenced to an indeterminate sentence*", supports his contention that the good and honor credits should be subtracted from this created minimum, and that to compute otherwise would be violative of his right to equal protection. We do not agree.

Determinate sentences are meted out only for the more serious crimes, while indeterminate sentences are the result of lesser offenses, and this distinction supports a differing treatment of the two in computing parole eligibility. It is our view that reference to the "same manner" in T.C.A. § 40–3612 refers merely to similar conditions and supervision as found in other stat-utes, such as the terms that may be imposed on parolees under the provisions of T.C.A. § 40–3614.

Our holding here is in line with the procedure for computing parole eligibility as set out in the proposed criminal code submitted to the legislature but not yet adopted. In the submitted draft this question is more clearly spelled out by specifically providing that in the case of a determinate sentence "credit for good conduct shall not reduce the parole eligibility date." Thus, the proposed code would preserve what is practiced under present law and what we now hold.

We, accordingly, reject the petitioner's position which, in effect, would make every determinate sentence an indeterminate one, and affirm the trial court.

DWYER and O'BRIEN, JJ., concur.