**Billy WILLIAMS, Petitioner-Appellant,**

v.

**Ronald C. MARSHALL, Superintendent, Respondent-Appellee.**

**No. 79–3664.**

United States Court of Appeals, Sixth Circuit.

Argued July 10, 1980.

Decided and Filed August 26, 1980.

Billy Williams, pro se.

Bruce Nicholson, Cincinnati, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen., of Ohio, Columbus, Ohio, Randall G. Burnworth, Asst. Atty. Gen., Columbus, David Stocker, Columbus, Ohio, for respondent-appellee.

Before EDWARDS, Chief Judge, WEICK and LIVELY, Circuit Judges.

PER CURIAM.

Appellant Williams appeals from denial of his petition for writ of habeas corpus contending that he has been denied the right to appeal his conviction by the courts of Ohio in derogation of federal constitutional law. After a report from a federal magistrate which recommended denial of the writ because appellant had failed to exhaust his state remedies, the District Judge found that the petition did not require an evidentiary hearing and the recommendation for dismissal of the petition entered by the magistrate on the ground of failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b)(6) (1976), was adopted.

We note that after defendant had been convicted by a jury on several serious felony charges including rape and sentenced to terms ranging from 14 years to 100 years of imprisonment, he was found to be a psychopathic offender and was incarcerated at the Lima State Hospital for two years. Thereafter, appellant's efforts to secure an appeal were begun.

Our review of this record discloses that the State of Ohio has failed to grant the writ he seeks because of his failure to file an Ohio Appellate Rule 5(a) affidavit setting forth claims of reversible error at his original state court trial. At no point in this record could we ascertain that appellant has ever tendered such a claim except by suggesting that he was subjected to federal constitutional abuse when he was required to appear in a lineup without a lawyer prior to his indictment or arraignment in state court. The claim that deprivation of counsel at a pre-arraignment lineup represented federal constitutional abuse was rejected by the United States Supreme Court in *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), nor does such a deprivation represent reversible error under Ohio law where the identification is subsequently admitted at trial. *State v. Sheardon*, 31 Ohio St.2d 20, 285 N.E.2d 335 (1972).

Under these circumstances, the District Court was correct in holding that appellant has failed to exhaust his state court remedies. He may be able still to secure an appeal by fulfilling Ohio's requirements under Ohio Appellate Rule 5(a).

The judgment of the District Court is affirmed.