**Daniel Preston RUCKER, Petitioner,**

**v.**

**J.H. ROSE, etc., et al., Respondents.**

**Civ. A. No. 3:83–0083.**

United States District Court,
M.D. Tennessee,
Nashville Division.

June 18, 1985.

Daniel Rucker, pro se.

Wayne Uhl, Asst. Atty. Gen., Nashville, Tenn., for respondents.

### MEMORANDUM OPINION, ORDER AND CERTIFICATE OF PROBABLE CAUSE

NEESE, Senior District Judge, sitting by designation and assignment.

Obedient to the mandate of the United States Court of Appeals for the Sixth Circuit, this Court determines whether the petitioner Mr. Daniel Preston Rucker has exhausted his available state-remedies. The petitioner appears to concede, and the expanded-record reflects clearly, that he has not given the Supreme Court of Tennessee a fair opportunity to consider the grounds he urges herein.[1]

---

1. Mr. Rucker filed in the Criminal Court of Knox County, Tennessee a petition for the writ of habeas corpus, which apparently was considered also by that Court as a petition for post-conviction relief. See T.C.A. § 40-30-108. Such petition was dismissed; but, instead of taking an appeal from the order of dismissal, Mr. Rucker sought writs of mandamus, respectively, from the Court of Criminal Appeals of Tennessee and the Supreme Court of Tennessee. Each such application was dismissed for lack of jurisdiction. (The appellate courts of Tennessee lack original jurisdiction to issue writs of mandamus, although they may issue such writs where their appellate jurisdiction has been properly invoked. *Ing v. Davey,* 70 Tenn. 276, 279 (1879); *Whitfield v. Greer,* 62 Tenn. 78, 80–81 (1873) ).

The exhaustion rule requires that the grounds raised in a petition for the federal writ of habeas corpus have been presented *fairly* to the state courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512[2], 30 L.Ed.2d 438 (1971); this means, among other things, that the applicant must have followed the procedures established by the state for the presentation of issues to its highest court. *See Williams v. Marshall,* 628 F.2d 934, 935 (6th Cir.1980), *cert. den.* 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980). Tennessee does not permit mandamus to serve as a substitute for an appeal; mandamus is a proper remedy only where the petitioner " * * * has no other specific or adequate remedy." *State v. Sandefur,* 215 Tenn. 690, 389 S.W.2d 266, 269 [1] (Tenn.1965).

**418**

■ He contends, however, that such was not necessary because of the existence of circumstances rendering the pertinent state processes ineffective to protect his rights as a prisoner (or former prisoner).[2] *See* 28 U.S.C. § 2254(b). " * * * An exception [to the rule requiring exhaustion of state remedies before seeking federal habeas corpus relief] is made only if there is no opportunity to obtain redress in a state court or if the corrective process is so clearly deficient as' to render futile any effort to obtain relief. * * * " *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19[3], 70 L.Ed.2d 1 (1981).

■ The above is not the situation herein: Mr. Rucker contends that pursuing his claims through the appellate-courts of Tennessee would be futile since he would have to go through the Court of Criminal Appeals of Tennessee which is the same Court which removed his eligibility for parole in 1977. The hostility of the state-courts to the position of the petitioner will excuse exhaustion on the ground of futility only when the question raised in the federal-proceeding has recently been decided adversely to the petitioner by the highest court of the state, *Robinson v. Berman*, 594 F.2d 1, 3[10] (1st Cir.1979); just because Tennessee's intermediate criminal-appellate Court might be hostile to Mr. Rucker's claims does not imply that he would be unable to obtain relief in the Supreme Court of Tennessee—in fact, that would be all the more reason to present the instant claims to the highest Court of Tennessee.[3]

■ This Court is satisfied that the petitioner has available to him presently a means to present the federal-claims raised herein to the courts of Tennessee. He may institute proceedings under Tennessee's Post-Conviction Act, T.C.A. §§ 40–30–101,

*et seq.*,[4] or Habeas Corpus Act, T.C.A. §§ 29–21–101, *et seq.;* in addition, an action may be pursued under the Declaratory Judgment Act, T.C.A. §§ 29–14–101, *et seq.*, for the purpose of securing a determination of the lawfulness of the action or inaction of the state board of pardons and paroles. *See Doyle v. Hampton*, 207 Tenn. 399, 340 S.W.2d 891 (1960); *McFadden v. State*, 532 S.W.2d 944 (Tenn.Crim.App. 1975), *cert. den.* by Tenn.S.Ct. (1975). Furthermore, the Constitution of Tennessee, art. 1, § 17, guarantees that Mr. Rucker " * * * has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right * * *." *Whisnant v. Byrd*, 525 S.W.2d 152, 153[2] (Tenn.1975).

An examination of the expanded-record results in the conclusion that the petitioner is not entitled to relief in this Court for his failure to have exhausted his available state-remedies. Accordingly, the petitioner hereby is

DENIED all relief herein. Rule 8(a), 28 U.S.C. fol. § 2254.

Should the petitioner give timely notice of an appeal from this order and the judgment which the clerk will enter hereon, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R. App.P., which in this instance will issue so that the Court of Appeals may be afforded an opportunity to review this Court's effort to comply with its mandate. *Id.*

---

2.  Apparently Mr. Rucker is no longer incarcerated, having been released on parole. That, however, does not moot his claim for relief nor defeat this Court's jurisdiction of the subject-matter. *Glenn v. Dallman*, 686 F.2d 418, 422[5] (6th Cir.1982).

3.  The Supreme Court of Tennessee often disagrees with the Court of Criminal Appeals of

Tennessee on matters of federal-constitutional law.

4.  *See Parker v. Rose*, 728 F.2d 392 (6th Cir. 1984), where a state prisoner was required to seek relief for a third time under Tennessee's Post-Conviction Procedure Act, *supra.*