# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE

## JIMMY RICHARDSON v.
## THE TENNESSEE DEPARTMENT OF CORRECTION

**Direct Appeal from the Chancery Court for Davidson County**
**No. 98-931-I    Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M1999-02796-COA-R3-CV - Decided May 31, 2000**

---

Appellant, Jimmy Richardson, appeals a final order of the Chancery Court of Davidson County wherein the Chancellor sustained a summary judgment motion in his suit for a declaratory order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

CAIN, J., delivered the opinion of the court, in which CANTRELL, P.J., M.S., and COTTRELL, J., joined.

Jimmy Richardson, Nashville, Tennessee, pro se.

Paul G. Summers, Michael E. Moore and Abigail Turner, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

## OPINION

Jimmy Richardson was arrested on January 11, 1976 on charges of rape, armed robbery with a deadly weapon, kidnaping, assault with intent to commit murder and grand larceny. He was convicted of all offenses on June 18, 1976 and sentenced to 99 years in prison for rape, a consecutive life sentence for armed robbery, a consecutive 6 to 21 year sentence for assault with intent to commit murder and a consecutive 6 to 10 year sentence for grand larceny. Because of his 99 year sentence and his life sentence, he is not eligible for consideration for parole until he serves 30 full years in prison, less any sentence credits received under former Tennessee Code Annotated section 40-3613. *Slagle v. Reynolds*, 845 S.W.2d 167 (Tenn. 1992).

Mr. Richardson, Appellant, asserts in his suit for a declaratory order that he has been erroneously denied various sentence credits which, if properly allowed, would make him presently eligible for parole. He further asserts that he is eligible for mandatory parole under former Tennessee Code Annotated section 40-3614.

In sustaining the Department of Correction's petition for summary judgment, the trial court held:

> Petitioner erroneously believes that he was entitled to accumulate sentence credits pursuant to *Tenn. Code Ann.* §§ 41-332 and 41-334 to reduce the statutory minimum of thirty (30) years that he must serve of his ninety-nine (99) year sentence pursuant to *Tenn. Code Ann.* § 40-3615. However, petitioner's contention is completely ungrounded. In *Howell v. State*, 569 S.W.2d 428, 431 at n.4 (Tenn. 1978), the Tennessee Supreme Court held that inmates serving determinate sentences were not entitled to accrue either Good Time or Honor Time credits to reduce their parole eligibility dates. *See also Gilbre[a]th v. Bell*, C.C.A. No. 01C01-9506-CC-00171 (Tenn.Crim.App. at Jackson) (Jan. 26, 1996). In addition, petitioner's reliance on *Tenn. Code Ann.* § 41-21-229 is also to no avail since said statute provides that good time and honor time credits cannot reduce mandatory sentences.

For reasons not apparent in the record, the Department of Corrections has awarded Appellant 165 prisoner performance sentence credits under Tennessee Code Annotated section 41-21-230. However, since no party is complaining about these particular credits, they will not be further noticed.

As to mandatory parole, under former Tennessee Code Annotated section 40-3614 (now section 40-28-117), Appellant is not eligible for such parole. The statute provides: "Prisoners serving a determinate or indeterminate sentence with a maximum term of over ten (10) years as fixed by the court shall be paroled by the board six (6) months prior to the *completion of the maximum term of sentence* less credit for good and honor time." Tenn. Code Ann. § 40-3614 (1975 replacement) (emphasis added). Appellant began to serve his sentence on January 11, 1976 when he was arrested and would not be eligible for mandatory parole until six months prior to the completion of his determinate 99 year sentence.

From any practical point of view, sentence reduction credits could only assist Appellant in determining the earliest date on which he becomes *eligible* for parole under Tennessee Code Annotated section 40-3613 (1975 replacement). This date, as is settled in *Slagle v. Reynolds*, 845 S.W.2d 167 (Tenn. 1992), is 30 years less such sentence reduction credits as he is eligible to earn and has actually earned. Once he becomes eligible for parole, it is in the discretion of the parole board as to whether or not he will actually be paroled. *Doyle v. Hampton*, 207 Tenn. 399, 340 S.W.2d 891 (Tenn. 1960); *Ivey v. Meadows*, 216 Tenn. 678, 393 S.W.2d 744 (1965).

Appellant next complains that because he was sentenced in 1976 he is entitled to credits under the provisions of former Tennessee Code Annotated sections 41-332 and 41-334. The chancellor correctly held that because he is serving a 99 year determinate sentence, he is not eligible for any credits under these sections of the code no matter when he began serving his sentence. *McFadden v. State*, 532 S.W.2d 944 (Tenn. Crim. App. 1975); *Howell v. State*, 569 S.W.2d 428 (Tenn. 1978). As present Tennessee Code Annotated sections 41-21-212 and 41-21-214 are simply replacements of prior Tennessee Code Annotated sections 41-332 and 41-334, the same rule applies and Appellant is not eligible for such credits.

Appellant is entitled only to credits under Tennessee Code Annotated section 41-21-236 which was enacted in 1985 and provided in part: "Any person who committed a felony, including any Class X felony, prior to December 11, 1985, may become eligible for the sentence reduction credits authorized by this action by signing a written waiver waiving the right to serve the sentence under the law in effect at the time the crime was committed. However, sentence reduction credits authorized by this section may be awarded only for conduct and/or performance from and after the date a person becomes eligible under this subsection." Tennessee Code Annotated section 41-21-236(c)(3). Appellant signed his appropriate waiver on March 1, 1986, and he does not dispute that the department has properly calculated credits for him under this statute since the date that he signed the waiver.

The action of the trial court in granting summary judgment to the Department of Correction, is affirmed with costs on appeal assessed to Appellant, Jimmy Richardson.