IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 29, 2000

## WILLIAM GARRETT v. TENNESSEE BOARD OF PAROLES

**Appeal from the Chancery Court for Davidson County**
**No. 99-57-III      Ellen Hobbs Lyle, Chancellor**

---

**No. M2000-00219-COA-R3-CV - Filed January 4, 2002**

---

This appeal involves a dispute between a prisoner and the Tennessee Board of Paroles regarding the Board's decision to schedule his next consideration for parole in September 2003. Believing that his current sentence will expire in May 2002, the prisoner filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County asserting that the Board had acted illegally by deferring its next consideration of his parole until after the expiration of his sentence. He also asserted that the Board had misunderstood the evidence presented at his 1998 parole hearing and that the Board improperly denied him parole because of the seriousness of his offense. After the trial court dismissed his petition, Mr. Garrett appealed to this court. We have determined that the prisoner sued the wrong party with regard to the sentence expiration date claim and that his remaining claims do not entitle him to the relief available in a certiorari proceeding. Accordingly, we affirm the trial court's dismissal of the prisoner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

William Garrett, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Mark A. Hudson, Senior Counsel, for the appellee, Tennessee Board of Paroles.

### OPINION

### I.

William Garrett (also known as William Herbert Stevenson) shot and killed the proprietor of a liquor store during an armed robbery. He pled guilty to murder in the perpetration of a robbery, and in February 1973, the Criminal Court for Davidson County sentenced him and a confederate to life imprisonment.[1] Mr. Garrett was paroled in June 1985, but in 1987 his parole was revoked because he was convicted of grand larceny. He was again released on parole in October 1987.

---

[1] *Garrett v. State*, 530 S.W.2d 98, 99 (Tenn. Crim. App. 1975).

Following his release in 1987, Mr. Garrett became addicted to crack cocaine and began selling drugs to support his habit. He was eventually convicted of selling cocaine, and on May 24, 1994 the Circuit Court for Sumner County sentenced him to serve twelve years in prison.[2] In August 1994, the Tennessee Board of Paroles ("Board") revoked Mr. Garrett's parole from his first degree murder conviction and determined that Mr. Garrett would begin serving his 12-year sentence for selling drugs on February 8, 1995.[3]

The Board declined to release Mr. Garrett on parole in 1997. The Board considered Mr. Garrett for parole in 1998 but again declined to release him because of the substantial risk that he would fail to comply with the conditions of his parole and because of the seriousness of his offenses. In addition the Board decided that it would not again consider Mr. Garrett for parole until September 2003. The Board's decision to defer his next parole hearing until September 2003 did not sit well with Mr. Garrett because he believed that his 12-year sentence for selling cocaine would expire in May 2002.

In January 1999, after exhausting his administrative appeals with the Board, Mr. Garrett filed a pro se petition for a common-law writ of certiorari in the Chancery Court for Davidson County. He requested the trial court to order the Board to provide him with another parole hearing because (1) the Board misunderstood the evidence presented at the 1998 parole hearing, (2) the Board could not legally rely on the seriousness of his offenses as a basis for declining to grant him parole, and (3) the Board had acted illegally by scheduling his next parole hearing after the expiration of his sentence. Both the Board and Mr. Garrett filed motions for summary judgment. On September 9, 1999, the trial court granted the Board's motion and dismissed Mr. Garrett's petition. As we understand the papers Mr. Garrett has filed with this court, he is taking issue on this appeal first with the Board's 1998 refusal to grant him parole and second with the Board's decision not to consider him for parole again until September 2003.

## II.
### THE BOARD'S DECISION TO DENY PAROLE IN 1998

We turn first to Mr. Garrett's two complaints regarding the Board's decision against releasing him on parole in 1998. First, he asserts that the Board misunderstood the information regarding the previous times he had been released on parole.[4] Second, he asserts that the Board cannot rely on the seriousness of his offense as a basis for denying him parole. Neither of these claims provides a basis for granting the sort of relief available through a common-law writ of certiorari.

---

[2] *Garrett v. State*, No. 01C01-9810-CR-00431, 1999 WL 744029, at *1 (Tenn. Crim. App. Sept. 24, 1999) (No Tenn. R. App. P. 11 application filed).

[3] The Board's hearing officer had decided Mr. Garrett would begin serving his new 12-year sentence on May 24, 1994; however, the full Board later determined that Mr. Garrett would begin serving his new sentence on February 8, 1995.

[4] Mr. Garrett is concerned that the Board failed to appreciate that he was required to return to prison on one occasion after it was discovered that he had been paroled by mistake. Apparently, he believes that the Board mistakenly believed that he was returned to custody because he had violated parole.

## A.

A common-law writ of certiorari is an extraordinary judicial remedy. *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Fite v. State Bd. of Paroles*, 925 S.W.2d 543, 544 (Tenn. Ct. App. 1996). It is not available as a matter of right, *Boyce v. Williams*, 215 Tenn. 704, 713-14, 389 S.W.2d 272, 277 (1965); *Yokley v. State*, 632 S.W.2d 123, 127 (Tenn. Ct. App. 1981), but rather is addressed to the trial court's discretion. *Blackmon v. Tennessee Bd. of Paroles*, 29 S.W.3d 875, 878 (Tenn. Ct. App. 2000). Accordingly, decisions to grant or deny a common-law writ of certiorari are reviewed using the familiar "abuse of discretion" standard. *Robinson v. Traughber*, 13 S.W.3d at 364. Under this standard, a reviewing court should not reverse a trial court's discretionary decision unless it is based on a misapplication of controlling legal principles or a clearly erroneous assessment of the evidence, *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999), or unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the complaining party. *Marcus v. Marcus*, 993 S.W.2d 596, 601 (Tenn. 1999); *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn.1994).

The scope of review under a common-law writ of certiorari is extremely limited. Courts may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994), (2) reweigh the evidence, *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996), or (3) substitute their judgment for that of the lower tribunal. *421 Corp. v. Metropolitan Gov't*, 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000). Rather, the writ permits the courts to examine the lower tribunal's decision to determine whether the tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Daniels v. Traughber*, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998).

## B.

Mr. Garrett's argument that the Board misunderstood the circumstances surrounding his previous parole revocations essentially invites us to evaluate the evidence considered by the Board. We decline the invitation because reweighing the evidence is beyond the scope of a certiorari proceeding. However, we note that the portions of the Board's records provided to us indicate that Mr. Garrett was afforded a full opportunity at his last parole hearing to recount for the Board his version of his parole history. In addition, the Board presumably had access to its own records. Accordingly, we find no basis for concluding that the Board's decision to deny Mr. Garrett parole in 1998 was brought about by some sort of factual mistake.

## C.

Mr. Garrett also asserts, as many other prisoners have before him, that the Board acted illegally by declining to parole him because of the seriousness of his offense. This particular ground for denying parole, authorized by Tenn. Code Ann. § 40-35-503(b)(2) (1997), has been repeatedly and consistently upheld. *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d at 482; *Robinson v.*

*Traughber*, 13 S.W.3d at 363. Accordingly, the fact that the Board based its decision on this ground does not state a claim for which relief under a common-law writ of certiorari may be granted.

## III.
### THE SCHEDULING OF THE BOARD'S NEXT CONSIDERATION OF MR. GARRETT FOR PAROLE

Mr. Garrett next takes issue with the Board's decision to schedule his next consideration for parole in September 2003. He argues that this date is illegal because his 12-year sentence for selling cocaine will expire in May 2002. The Board's records indicate that the presumptive expiration date of Mr. Garrett's sentence is January 2005. Thus, the controlling question is whether Mr. Garrett's presumptive release date is May 2002 or January 2005.

The Board plays no role in calculating a prisoner's presumptive release date. The Tennessee Department of Correction is charged by statute with the duty to keep custody of prisoners like Mr. Garrett.[5] Among its duties are the duty to maintain the records of the prisoners' sentences[6] and the duty to calculate prisoners' sentence expiration dates.[7] Thus, prisoners who have disputes regarding their sentence credits or sentence release dates must take the matter up with the Department of Correction, not the Board.[8]

To the extent that Mr. Garrett disagrees that his presumptive sentence release date is January 2005, his dispute is with the Department of Correction, not the Board. Accordingly, when he filed this suit against the Board, he sued the wrong state agency. Because the courts cannot grant relief against parties who are not before them, the trial court cannot determine Mr. Garrett's correct presumptive release date in this proceeding. Accordingly, we affirm the trial court's decision to dismiss Mr. Garrett's claim that the Board acted illegally by scheduling his next consideration for parole for September 2003.[9]

## IV.

We affirm the dismissal of Mr. Garrett's petition for writ of common-law certiorari and remand the case to the trial court for any further proceedings consistent with this opinion that may be required. We tax the costs of this appeal to William Garrett (a/k/a William Herbert Stevenson)

---

[5] Tenn. Code Ann. §§ 4-3-601, -606, 4-6-102 (1998); Tenn. Code Ann. § 41-1-102(a) (1997).

[6] Tenn. Code Ann. § 4-6-140 (1998); Tenn. Code Ann. §§ 41-21-104, -107(a)(3) (1997).

[7] Tenn. Code Ann. § 40-28-129 (Supp. 2001).

[8] The courts frequently entertain suits brought by state prisoners against the Department of Correction regarding the calculation of their sentence reduction credits or their release eligibility date. *See, e.g.*, *Davis v. Campbell*, 48 S.W.3d 741, 743 (Tenn. Ct. App. 2001); *Richardson v. Tennessee Dep't of Corr.*, 33 S.W.3d 818, 820 (Tenn. Ct. App. 2000); *Smith v. Campbell*, 995 S.W.2d 116, 118 (Tenn. Ct. App. 1999).

[9] The issue regarding Mr. Garrett's presumptive release date was not before the trial court in this proceeding. Accordingly, our decision to affirm the trial court's dismissal of Mr. Garrett's petition in this case will not prevent him from pursuing this matter with the Department of Correction and in the courts if necessary.

for which execution, if necessary, may issue. On our own motion, and in accordance with Tenn. Code Ann. § 41-21-807 (1997), as amended by Act of Apr. 2, 2001, ch. 76, § 2, 2001 Tenn. Pub. Acts 137, and Tenn. Code Ann. § 41-21-816(a)(1) (1997), we also conclude that this appeal is frivolous.

 

 

 

_____
WILLIAM C. KOCH, JR., JUDGE