IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2000

## LARRY SIMPSON v. DONAL CAMPBELL, COMMISSIONER ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 99-1631-I     Irvin H. Kilcrease, Jr., Chancellor**

───────────

**No. M2000-00218-COA-R3-CV - Filed January 30, 2001**

───────────

Larry Simpson, a prison inmate, appeals the dismissal by the trial court of his Petition for Declaratory Judgment asserting that he was entitled to mandatory parole under former Tennessee Code Annotated Section 40-3614 and Tennessee Code Annotated Section 40-20-115. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Larry Simpson, Nashville, Tennessee, Pro Se.

Michael L. Haynie and Terri Leigh Bernal, Nashville, Tennessee, for the appellee, Donal Campbell.

### OPINION

Larry Simpson was convicted of murder in the first degree in April 1980 and was sentenced to life in prison.

On June 8, 1999, Simpson sued for declaratory judgment asserting that he was entitled to mandatory parole. He maintains that his case is governed by former Tennessee Code Annotated Sections 40-3612 and 40-3614 as these statutes existed at the time of the murder in 1979 and of his sentencing in 1980. Defendant Commissioner filed a T.R.Civ.P. Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief could be granted. The trial court granted the motion to dismiss on January 7, 2000, and Simpson timely appealed.

In dismissing this case, the trial court held in part:

Petitioner contends that he is entitled to mandatory parole pursuant to the statute in effect at the time of his sentencing, *Tenn. Code Ann.* §§ 40-3612 -40-3614.

Petitioner's contention is without merit. *Tenn. Code Ann.* § 40-3614 specifically mandates that persons sentenced to serve a term in excess of ten (10) years are entitled to parole six (6) months prior to the completion of the term they were sentenced to. Petitioner received a determinate life sentence on April 16, 1980. Therefore, Petitioner's term expires at his death.

Furthermore, even if Petitioner was correct in his assertion that *Tenn. Code Ann.* § 40-3613 is applicable, Petitioner has not served the requisite thirty (30) years. Therefore, Petitioner would still not be entitled to mandatory parole.

The Chancellor was correct in dismissing this case because former Tennessee Code Annotated Section 40-3613 did not provide for mandatory parole after thirty (30) years of a life sentence. *See Richardson v. Tennessee Dep't of Corrections*, No. M1999-02796-COA-R3-CV, 2000 WL 696828 (Tenn. Ct. App. May 31, 2000).

Former Tennessee Code Annotated Section 40-3613, which was in effect at the time the Appellant committed first degree murder, provided:

[A]ny person who shall have been convicted and sentenced to a term of imprisonment in the state penitentiary for a period or term of sixty-five (65) years or more, *or life, may become eligible for parole* provided such person shall have been confined or served a term in the state penitentiary of *not less than thirty (30) full calender years* after receiving credit for probationary parole as authorized in §40-3612. The granting of such parole shall be within the discretion of the parole board. (Emphasis added)

Appellant has not yet served thirty (30) full calendar years and is not eligible even for discretionary parole. *See Ivey v. Meadows*, 393 S.W.2d 744, 747 (Tenn. 1965); *see also Doyle v. Hampton*, 340 S.W.2d 891, 893 (Tenn. 1960);

Former Tennessee Code Annotated Section 40-3614, dealing with mandatory parole, provided in pertinent part:

Prisoners serving sentences with maximum terms of over ten (10) years shall be released six (6) months prior to the completion of the maximum term of sentence less all credits granted by law.

This code section regarding mandatory parole (now T.C.A. § 40-28-117 (1997)), is not applicable by its terms to Simpson since the maximum length of his sentence is his entire life and there is no way to determine "six months" prior to the completion of this maximum term. Even if one accepts the erroneous interpretation Appellant places on Tennessee Code Annotated Section 40-3613 that his life sentence is actually a thirty (30) year sentence, he has not yet served a term of thirty (30) years less six (6) months. The statute governing parole "eligibility" for Simpson is former

Tennessee Code Annotated Section 40-3613. *See Byrd v. Bradley*, 913 S.W.2d 181 (Tenn. Ct. App. 1995).

Appellant is not eligible for mandatory parole and the Chancellor was correct in so holding. Pursuant to Tennessee Code Annotated Section 40-3613, Simpson is required to serve at least thirty (30) years of his life sentence before being eligible for discretionary parole.

The judgment of the Chancellor is in all respects affirmed and this cause remanded to the trial court for collection of costs with costs of appeal assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE