IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 2000 Session, on Briefs


# THOMAS RODGERS, v. TENNESSEE DEPARTMENT OF CORRECTIONS


**Direct Appeal from the Chancery Court for Davidson County**
**No. 98-933-II     Hon. Carol L. McCoy, Chancellor**

---

**No. M1999-02585-COA-R3-CV - Filed July 28, 2000**

---

In this Declaratory Judgment plaintiff sought statutory credits on his prison sentences. The Trial court granted the State summary judgment. On appeal, we affirm.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHEL SWINEY J., joined.


Thomas Rodgers, Nashville, *pro se*.

Paul G. Summers, Attorney General and Reporter and Abigail Turner, Assistant Attorney General, for Respondent-Appellee, Tennessee Department of Corrections.


**OPINION**


Rodgers, has been incarcerated since 1975 and filed a declaratory judgment action seeking statutory credits against his sentences, which are two consecutive life sentences for armed robbery with a deadly weapon, and second degree murder.

The Trial Judge granted summary judgment to the State, and petitioner has appealed.

When reviewing a grant of summary judgment, we are required to take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). Summary judgment is only proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Shadrick v. Coker*, 963 S.W.2d 726 (Tenn. 1998).

At the time of Rodgers' offense (1975), the following statute was in effect:

[A]ny person who shall have been convicted and sentenced to a term of sixty-five (65) years or more, or life, may become eligible for parole provided such person shall have been confined or served a term in the state penitentiary of not less than thirty (30) full calendar years . . ..

Tenn. Code Ann. §40-3613 (1975 Replacement).

This statute and the Supreme Court's later decision in *Slagle v. Reynolds*, 845 S.W.2d 167 (Tenn. 1992), established that the earliest possible parole date would have been 2005.

Rodgers argues that he should have been awarded honor and good time credits to reduce his parole eligibility date, pursuant to Tenn. Code Ann. §§ 41-332 and 41-334, which were in effect at the time of his offenses. We find this argument to be without merit because good and honor time credits do not affect a prisoner's parole eligibility date, but rather affect only a prisoner's ultimate release date. *McFadden v. State*, 532 S.W.2d 944 (Tenn. Crim. App. 1975); *Howell v. State*, 569 S.W.2d 428 (Tenn. 1978).

In 1985, the Sentence Reform Act was passed which established certain Prisoner Sentence Reduction Credits, and any person who had been previously convicted of a felony could opt into this system of credits by signing a waiver. Tenn. Code Ann. §41-21-236. Rodgers executed such a waiver in April 1986, and since that time, he has been receiving credits toward his parole eligibility date, such that that date was reduced from 2005 to 1999.

Rodgers asserts that he could have earned more credits and been paroled more quickly under Tenn. Code Ann. §41-21-229[1] than under Tenn. Code Ann. §41-21-236. However, Tenn. Code Ann. §41-21-229 stated that the credits allowed thereunder were to be applied the same way as good and honor time credits were applied previously. Accordingly, the statute would not give Rodgers any credits toward his parole eligibility.

Finally, Rodgers asserts that he is entitled to mandatory parole pursuant to Tenn. Code Ann. §40-3614, which stated:

---

[1] This statute has been repealed.

Every prisoner who has never been granted a parole by the Board on a particular sentence of imprisonment shall be mandatorily released to and under the supervision of the division of probation and paroles subject to the following restrictions:

. . .

2. Prisoners serving sentences with maximum terms of over ten (10) years shall be released six (6) months prior to the completion of the maximum term of sentence less all credits granted by law.

. . .

4. **Said mandatory parole shall not be construed to grant parole earlier than set forth in §§ 40-3612 – 40-3616.** (Emphasis added.)

Since petitioner is serving two consecutive life sentences for second-degree murder and armed robbery with a deadly weapon, this statute does not grant mandatory parole to plaintiff, prior to his serving the time required by Tenn. Code Ann. 40-3613.

We affirm the judgment of the Trial Court, with costs assessed to appellant.

_____
HERSCHEL PICKENS FRANKS, J.

-3-