# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 22, 2012

## RICHARD LOWELL BLANCHARD, II v. TENNESSEE BOARD OF PROBATION AND PAROLE

**Appeal from the Chancery Court for Morgan County**
**No. 1212      Hon. Frank V. Williams, III, Chancellor**

---

**No. E2012-00663-COA-R3-CV-FILED-DECEMBER 3, 2012**

---

This appeal involves the petitioner's efforts to be paroled. After the Tennessee Board of Probation and Parole declined to recommend the petitioner for parole, he filed a pro se petition for a writ of certiorari. The Board filed a motion to dismiss. The trial court granted the Board's motion, and the petitioner appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Richard Lowell Blanchard, II, Wartburg, Tennessee, pro se appellant.

Robert E. Cooper, Jr., Attorney General and Reporter, William Young, Solicitor General, and Lee Pope, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Board of Probation and Parole.

## OPINION

## I. BACKGROUND

The petitioner, Richard Lowell Blanchard, II, is an inmate housed at the Morgan County Correctional Complex in Wartburg, Tennessee, convicted of robbing a gas station while wielding a knife. On June 8, 2011, Blanchard was granted a parole hearing by the Tennessee Board of Probation and Parole ("the Board"). Eight days later, he received notice that he was denied parole on the grounds that his "release from custody at this time would depreciate the seriousness of the crime" for which he was convicted and that his continued

participation in correctional treatment programs would "substantially enhance [his] capacity to lead a law abiding life when given release at a later time." Blanchard appealed the Board's decision in July 2011. His appeal was denied the following month.

Blanchard filed his petition for writ of certiorari on February 8, 2012. He requested that the court review his parole hearing, alleging that the Board acted illegally and arbitrarily when it decided to decline his parole. The Board filed a motion to dismiss based upon the grounds that the writ of certiorari was not verified under oath before a clerk of court, judge, or notary public, and it did not state it was Blanchard's first application for the writ. Moreover, the Board observed that the petition was not filed within the 60-day statute of limitations applicable to petitions for writ of certiorari. The trial court dismissed the action on March 21, 2012. Blanchard filed this timely appeal.

## II. ISSUE

The issue before us is whether the trial court properly dismissed Blanchard's petition for writ of certiorari because he failed to comply with constitutional and statutory requirements for filing a petition for writ of certiorari within the 60-day statute of limitations applicable to petitions for writ of certiorari.

## III. STANDARD OF REVIEW

Our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

## IV. DISCUSSION

The power to decide to release a prisoner on parole rests with the Board, not the courts. *Hopkins v. Tennessee Bd. of Parole and Probation*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001). Parole decisions are entirely discretionary. *Richardson v. Tennessee Dep't of Correction*, 33 S.W.3d 818, 820 (Tenn. Ct. App. 2000). The means to obtain judicial review is the common law writ of certiorari. *Thandiwe v. Traughber*, 909 S.W.2d 802, 803 (Tenn. Ct. App. 1994).

Article 6, Section 10 of the Tennessee Constitution provides as follows:

The Judges or Justices of the Inferior Courts of Law and Equity shall have

power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, ***supported by oath or affirmation***.

(Emphasis added.). Tennessee Code Annotated section 27-8-104 imparts the following:

(a)  The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, ***supported by oath or affirmation***.

(Emphasis added.). Tennessee Code Annotated section 27-8-106 further provides:

The petition for certiorari may be ***sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public***, and ***shall state it is the first application for the writ***.

(Emphasis added.).

As noted by the Board, a petition that is not properly verified under oath or affirmation and does not state that it is the petitioner's first application for the writ must be dismissed. *Depew v. King's, Inc.*, 276 S.W.2d 728, 729 (Tenn. 1955); *Bowling v. Tennessee Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002). "Courts have consistently held that the failure of the petitioner to verify the petition as required by the Tennessee Constitution and the Tennessee Code is proper grounds for dismissal." *Carter v. Little*, No. W2007-00189-COA-R3-CV, 2007 WL 2872390, at *3 (Tenn. Ct. App. Aug. 23, 2007).

In this case, Blanchard failed to verify the contents of his petition and failed to properly acknowledge the petition before a notary public. Moreover, the petition failed to state it was his first application for the writ. He has not met the constitutional and statutory requirements of a common law petition for writ of certiorari. Accordingly, the trial court properly dismissed Blanchard's petition.

As we noted in *Carter*,

While we are sensitive to the fact that the Appellant filed the petition himself and is also representing himself in this appeal, those that proceed pro se must nevertheless comply with the procedural law that those with counsel must follow. Regardless of whether an individual is representing himself, this Court lacks the power to waive a jurisdictional requirement.

2007 WL 2872390, at *4 (citations omitted). It is well-settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009).

Tennessee Code Annotated section 27–9–102 sets out the time for filing the petition:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

The sixty-day statute of limitations is mandatory and jurisdictional. *Jackson v. Tenn. Dep't of Correction*, 240 S.W.3d 241, 247 (Tenn. Ct. App. 2006). Failure to file the petition within the statutory time limit results in the Board's decision becoming final and, once the decision is final, the trial court is deprived of subject matter jurisdiction. *Gore v. Tenn. Dep't of Correction*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003); *Thandiwe*, 909 S.W.2d at 804.

The final decision of the Board denying Blanchard parole was entered on August 16, 2011. Blanchard therefore had until October 17, 2011, to timely file his petition. However, the instant petition was filed by him on February 8, 2012, well beyond the applicable limitations period imposed by Tennessee Code Annotated section 27-9-102. Thus, the trial court lacked jurisdiction over the petition and properly dismissed it on this ground as well.

## V. CONCLUSION

We affirm the determination of the trial court and remand. The costs of this appeal are assessed to the appellant, Richard Lowell Blanchard, II.

_____
JOHN W. McCLARTY, JUDGE

-4-